UNITED STATES, Appellee,

v.

Private (E-1) Peter J. CHARETTE, SSN
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, United States
Army, Appellant.

SPCM 12708.

U. S. Army Court of Military Review.

21 Oct. 1977.

Colonel Robert B. Clarke, JAGC, Lieutenant Colonel John R. Thornock, JAGC, Captain Larry D. Anderson, JAGC, and Captain Harvey T. Oringher, JAGC, were on the pleadings for appellant.

Colonel Thomas H. Davis, JAGC, Lieutenant Colonel R. R. Boller, JAGC, Major Michael B. Kennett, JAGC, and Captain Richard A. Canatela, JAGC, were on the pleadings for appellee.

Before FULTON, MOUNTS and TALIAFERRO, Appellate Military Judges.

## OPINION OF THE COURT

MOUNTS, Judge:

The appellant alleges that the military judge erred to the substantial prejudice of the appellant by failing to instruct the jury sua sponte, that the appellant has the absolute right to refrain from taking the stand and testifying on the merits and that such inaction should in no way be construed against him. The appellant acknowledges that he is aware of no case law that would require such a sua sponte instruction. The appellant alleges, however, that by analogy such an instruction is now required due to the holding in United States v. Grunden, 25 U.S.C.M.A. 327, 54 C.M.R. 1053, 2 M.J. 116 (1977).

In our case the trial defense counsel requested that the military judge not give such an instruction. This Court views this decision by the trial defense counsel as an appropriate tactical trial strategy to avoid any reminder to the court members that the accused did in fact not testify. This type of tactical decision is best left to the sound discretion of a legally trained trial defense counsel. The defense is in the best position, as an advocate for the accused, to properly balance all aspects of the need for such an instruction and to conclude in an appropriate case that no instruction is the best alternative. The military judge should be permitted to give full recognition to the defense counsel's skill as an advocate and should not be compelled by law to give such an instruction regardless of the defense counsel's request.

In the Grunden case the United States Court of Military Appeals did hold that evidence of uncharged misconduct requires a sua sponte instruction. The rationale being that evidence of uncharged misconduct will be misused by court members unless instructed as to its limited use. This situation can be distinguished from our case. In Grunden the evidence of uncharged misconduct was before the court and they were permitted to consider this evidence. In our

case evidence of uncharged misconduct was also before the court and the trial defense requested and received a limiting instruction. This further reflects the trial defense counsel's skill as an advocate. However, no issue was ever raised in our case as to the accused testifying or not testifying. An instruction, therefore, would have the danger of raising the issue for the first time in the minds of the jurors. The instruction may attempt to cure a defect which never existed but in addition may also contain the seeds of a new defect within the attempted cure.*

The Court having found the approved findings of guilty and the sentence correct in law and fact and having determined on the basis of the entire record that they should be approved, such findings of guilty and the sentence are affirmed.

Senior Judge FULTON and Judge TALIAFERRO concur.

---

* An analogy can be made to a group of students who are told to silently think of anything for five minutes but during the time they are not to think of the word, "discretion." There is a fair risk that some of the students will think of "discretion" and perhaps a few for the first time.